```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION

IRWIN A. SCHIFF,               §
                               §
          Petitioner,          §
                               §
V.                             §   Civil Action No. 4:15-CV-454-Y
                               §
RODNEY W. CHANDLER, Warden,    §
FCI-Fort Worth,                §
                               §
          Respondent.          §
```

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Irwin A. Schiff, a federal prisoner confined in FCI-Fort Worth, against Rodney Chandler, warden of FCI--Fort Worth, Respondent. No service has issued upon Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. Factual and Procedural History

In 2006 Petitioner, a tax protestor, was convicted in the United States District Court for the District of Nevada of conspiracy to defraud the government for the purpose of impeding and impairing the Internal Revenue Service, assisting in the preparation of false income-tax returns, tax evasion, filing false income-tax returns, and contempt of court. *United States v. Schiff*, No. 08-10408, 383 Fed. Appx. 649, 2010 WL 2354245, at *1

(9th Cir. June 11, 2010). Petitioner appealed his convictions and sought relief in one or more § 2255 motions. He continues to serve his combined 162-month term of imprisonment and has been transferred to FCI--Fort Worth due to his medical condition. (Pet. 2, ECF No. 1; Pet'r's Mem. 2-7.)

Petitioner raises four grounds for habeas relief in this petition wherein he claims (1) his conviction on Count 17, attempting to evade and defeat payment of tax for tax years 1979-85, cannot stand as a matter of law based upon the statutory requirement that a deficiency existed for each of the years at issue; (2) the convicting court abused its discretion and violated constitutional due process by continuing to exercise jurisdiction for eleven months while his motions challenging jurisdiction were filed and awaiting the court's disposition; (3) he received ineffective assistance of counsel on appeal; and (4) the government engaged in "misconduct and misfeasance tantamount to jury tampering" in violation of his right to due and fair process before a jury of his peers. (Pet. 5-6, ECF No. 1.) Petitioner seeks immediate release from federal custody. (*Id.* at 7.)

II. Discussion

Title 28, United States Code § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior

2

to any answer or other pleading by the government.[1] A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner asserts in his § 2241 petition that the remedy by way of a § 2255 motion is inadequate or ineffective to test the

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

3

legality of his detention because–

> Issues herein were not raised in the 2255 because the attorneys did not give reasons why the 11-month delay in ruling on jurisdiction violated Petitioner's right to interim appeals before the start of the trial.
>
> Attorney concerned with sanctions by court: Attorney would have had to withdraw in order for Petitioner to raise the issues present in this 2241 Petition.
>
> The government did not respond and the court did not address the issue, dismissing it as "frivolous".

(Pet. 8, ECF No. 1.)

Petitioner's reasons fail to establish that the remedy under § 2255 is inadequate or ineffective. "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize his offense(s) nor does he demonstrate that his claims were foreclosed by Ninth Circuit law at the time of his trial, appeal or § 2255 motion.[2] The factual predicate of Petitioner's first, second and fourth claims were known to him or could have been discovered through the exercise of due diligence at the time of trial, and his third claim was known or could have been discovered by him at the time he filed his amended § 2255 motion in the convicting court. Having had adequate and effective

---

[2] Petitioner's original § 2255 motion was filed in the convicting court on July 14, 2009. He filed an amended petition on October 31, 2011. (Mots., United States v. Schiff, No. 2:04-cr-119-KJD-LRL-1, ECF Nos. 583 & 600.)

opportunities to assert the instant claims earlier, and having failed to do so, Petitioner may not proceed to raise them under this Court's § 2241 jurisdiction.

A § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes-Requena,* 243 F.3d at 901. One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver,* 211 F.3d at 878 (holding that successiveness does not make § 2255 ineffective or inadequate).

Petitioner has not met the three criteria required to invoke the savings clause of § 2255 as to the claims presented in this habeas-corpus proceeding. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claims do not fall within the savings clause of § 2255(e), they are not cognizable in a § 2241 petition.

For the reasons discussed, the Court DISMISSES Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  The Court further DENIES a certificate of appealability because Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241.

SIGNED June 25, 2015.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE